IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VERONICA WEDLAKE,
o/b/o Z. P. M.                                                                                      PLAINTIFF

         v.                           Civil No. 07-5221

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                            DEFENDANT

### ORDER

Plaintiff, Veronica Wedlake, brings this action under 42 U.S.C. § 405(g), on behalf of Z. P. M., a minor child, seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for child's supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (hereinafter "the Act").

On June 5, 2008, plaintiff filed a motion for admission of new and relevant evidence, requesting to supplement the record with the results of a seizure study conducted in March 2008 at Lehonheur Children's Hospital in Memphis, Tennessee. (Docs. # 6, 7). The Commissioner has filed a response in opposition stating that the plaintiff has failed to attach a copy of this alleged report to her motion. (Doc. # 8). Following a review of plaintiff's motion and brief in support, we note that plaintiff states that she has requested a copy of this report from the medical facility, but does not include a copy in the documents filed with this court.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and*

*Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

Without the opportunity to review the actual seizure report plaintiff seeks to have introduced, the Court is unable to determine whether the evidence is material. Accordingly, plaintiff's motion for admission of new evidence is hereby DENIED.

Should this evidence become available to plaintiff within a reasonable time period following the entry of this order, counsel may repetition the court to consider said evidence.

IT IS SO ORDERED this 30th day of June 2008.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE